GREGG *v.* WILSON.

PROMISSORY NOTE.—*Surety Liable in an Action, though Principal be Bankrupt*— The surety upon a promissory note is liable in an action upon the note, though the principal has been adjudged a bankrupt, and the note has been filed by the payee in the bankruptcy proceedings and a judgment rendered for the allowance of his distributive share of the assets, and the action against the surety cannot be delayed until a final distribution of the assets.

From the Rush Circuit Court.

*B. F. Davis, R. A. Black, G. H. Puntenney*, and *J. Helm, Jr.*, for appellant.

*J. S. Reid* and *E. A. Davis*, for appellee.

WORDEN, J.—Action by Wilson against George W. Gregg and John T. Gregg, upon a joint and several promissory note, executed by the two Greggs to Wilson. Process was returned not found as to John T. Gregg, and, as to him, the cause was continued.

George W. Gregg answered that he was surety only upon the note; that John T., the principal, had been adjudged a bankrupt in the district court of the United States for the district of Indiana; that the plaintiff had filed the note or a copy of it in the bankruptcy court, and obtained a judgment for the allowance of his distributive share of the assets of the estate when the same should be ascertained; and that he is informed and believes that the assets will pay about eight (eighty?) cents on the dollar; wherefore he says that the plaintiff ought not to be allowed to maintain this action until the cause is finally disposed of in the court in bankruptcy. This answer was sworn to.

A demurrer was sustained to the answer, and the defendant excepted.

Final judgment for the plaintiff.

The ruling on the demurrer presents the only question involved here.

We are of opinion that the matter pleaded, even were the note to be regarded as joint only, is no ground of defence or suspension of this action against the appellant. The bankrupt act, section 19 (see Bump Bankr. 402), provides, that "any person liable as bail, surety, guarantor, or otherwise for a bankrupt, who shall have paid the debt or any part thereof in discharge of the whole, shall be entitled to prove such debt, or to stand in the place of the creditor if he shall have proved the same, although such payment shall have been made after the proceedings in bankruptcy were commenced. And any person so liable for the bankrupt, and who has not paid the whole of said debt, but is still liable for the same or any part thereof, may, if the creditor shall fail or omit to prove such debt, prove the same, either in the name of the creditor or otherwise, as may be provided by the rules, and subject to such regulations and limitation as may be established by such rules."

Under this provision, the appellant, if he shall pay the debt, will be entitled to stand in the place of the plaintiff herein in the bankruptcy proceedings, and receive whatever share of the assets may be coming to him. The appellant is liable to the

appellee upon the note, although the principal has been discharged in bankruptcy; and we are not aware of any authority for the position that a suit against him cannot be prosecuted to judgment until final distribution of the assets of the bankrupt.

The provision in the bankrupt law above quoted operates to prevent any wrong or injustice being done the appellant by the judgment.

The judgment below is affirmed, with costs and three per cent. damages.