W. KILLEBREW ET AL. V. F. S. STOCKDALE, ADM'R.

LIMITATION.—See statement of this case for facts pleaded in a suit to recover judgment on promissory notes which, though they may have rendered the petition bad on general demurrer for want of sufficient averments of ownership of the notes, constituted a sufficient commencement of a suit to stop the running of the statute of limitations. The amendment of a petition thus defective is not the commencement of a new suit.

ERROR from Falls. Tried below before the Hon. D. M. Prendergast.

This suit was submitted as an agreed case. The agreement is too lengthy for insertion, and only so much of its contents will be stated as we believe necessary to understand the opinion.

Suit was brought on the 26th of March, 1874, by F. S. Stockdale, as administrator of Peyton Lytle's estate, in which he prayed for judgment on two promissory notes set forth in the petition, one dated January 4, 1861, the other January 14, 1861; the first for $5,000, due on the 1st of January, 1862, and payable to the order of D. E. Crossland, administrator of the estate of Angelina B. Eberly, deceased; the other for $1,033.25, payable to the order of the same party and due twelve months after date. Both notes were made by J. A. Fortune, William Killebrew, and C. V. Fortune. The appellee also sought the foreclosure of a mortgage.

The suit was brought against Killebrew personally and as the executor of the will of J. A. Fortune, deceased, and against J. A. Fortune, Jr., who was sued as administrator of the estate of C. V. Fortune, deceased. The petitioner alleged that his intestate (Peyton Lytle) "was the grandson of Angelina B. Eberly, deceased," and her sole surviving descendant, and therefore her sole heir and the only distributee of her estate, which was settled; that Angelina B. Eberly's estate was finally closed in Calhoun County Court in 1868, and by its order all assets and property of her estate were set over and

34

delivered to said Lytle, by reason whereof "and of what before appears in the petition" said notes have become and are payable and due to plaintiff Stockdale, as administrator of Lytle, deceased.

The original petition seems to have been deficient in not containing in terms a distinct averment of fiduciary ownership of the notes, or that they were assets turned over to Lytle as heir of Mrs. Eberly. This was corrected by amendment, after defendants below had demurred and excepted generally and specially, and by answer set up the defense of limitation.

*Jackson & Jackson,* for plaintiffs in error.—It will suffice, we think, to merely state our position: that if the original petition failed to state a cause of action in favor of the plaintiff, then it did not arrest the statute of limitations. (Henderson *v.* Kissam, 8 Tex., 46; Pridgin *v.* Strickland, 8 Tex., 427; Williams *v.* Randon, 10 Tex., 74; Ayres *v.* Cayce, 10 Tex., 99; Erskine *v.* Wilson, 20 Tex., 80; 1 McLean, 86; 5 Cranch, 611.) And as the agreed case admits that no amended petition was filed until after March 30, 1874, the conclusion is inevitable, that, so far at least as Killebrew individually and as C. V. Fortune's representatives are concerned, there was and is error in overruling their defense of limitation, and the entire judgment must be reversed. Finally, if we are right in respect of only one of the notes, the result of the case must be the same, so far as this court is now concerned.

*W. B. Ford,* also for plaintiffs in error.

*Baylie Peyton* and *Peeler, Montgomery & Fisher,* for defendant in error.—If the petition was defective, it was only so for the want of a clear and distinct averment of ownership, and was the proper subject of amendment. The amended petition set up no other or different cause of action, being iden-

tically the same notes and mortgages. The original petition, therefore, arrested the statute of limitations.

"It cannot be said, if the original petition is merely wanting either in the fullness or clearness of its statement of the cause of action, that the amendment covering such defects is the commencement of the suit. If it appear from the petition that the defendant is complained of for a valid cause of action, however defectively it may be presented, the statute of limitation in his favor will be stopped." (Scoby v. Sweatt, 28 Tex., 720; Kinney v. Lee, 10 Tex., 155; Coles v. Portis, 18 Tex., 156; Becton v. Alexander, 27 Tex., 667; Thouvenin v. Lee, 26 Tex., 614; Lee v. Boutwell, 44 Tex., 151.)

In all the cases where the plea has been successfully interposed to an amended petition, it set up a new, distinct, and different cause of action. In Haddock v. Crocheron, 32 Tex., 279, the original suit was on a promissory note executed by a member of the firm, in the firm name, after the dissolution of the firm and without the authority of the other members, all of which was pleaded by them. The plaintiffs amended, setting up and suing upon the original note; but more than four years had elapsed, and the plea was sustained as to it.

In Ayres v. Cayce, 10 Tex., 107, the original suit was upon a mortgage which had been merged into a judgment, and more than ten years after such judgment had been obtained. Plaintiff amended, setting up and relying upon this judgment, and the plea of limitation was sustained as to it.

In Williams v. Randon, 10 Tex., 74, the petition declared that the defendant "undertook and promised to pay," without alleging the promise to be in writing, which the court held to import a parol promise. The plaintiff amended, setting up a written promise or obligation different in amount. The court held that the amended petition could not refer back and interrupt the running of the statute of limitations.

*B. L. Aycock,* also for defendant in error.

Gould, Associate Justice.— Although the petition may have been bad on general demurrer for want of sufficient averments of ownership of the instruments sued on, it was a sufficient commencement of suit on those instruments to stop the running of the statute of limitations.   The subsequent amendment of the petition correcting or supplying its defects as a petition on the same notes and mortgages, was not the commencement of a new suit.   The judgment is affirmed.

Affirmed.