B. W. J. Wofford, Adm'r, v. Philip and Mary Unger.

*(Case No. 943.)*

1. Limitation — Bankruptcy.— The statute of limitations ceased to run against a claim provable in bankruptcy when it was offered for proof, if not when the adjudication in bankruptcy was had; and so long as the right to prove continued, the right to amend a defective proof existed.

2. BANKRUPTCY — LIMITATION.— Proof of debt in bankruptcy is analogous to the institution of a suit upon the claim, the proceedings in which, though so defective that they may be subject to demurrer, will nevertheless stop the running of the statute of limitations.

3. LIMITATION.— Proof of a debt secured by mortgage, though formal, was defective in a bankrupt court, when it was offered for proof before limitation had run against it. No objection was made to the sufficiency of the proof. The claim was withdrawn by the permission of the court, and with the approval, consent and express agreement of the debtor, that the lien might be enforced in a state court. *Held* —

    1. The defective proof of debt in the bankrupt court stopped the running of the statute of limitations.

    2. The agreement, to which the bankrupt was a party, to withdraw the claim and prosecute it in a state court, and the attempt under it to collect the debt, could not result in subjecting the claim to the bar of limitation.

APPEAL from Anderson. Tried below before the Hon. Peyton F. Edwards.

Suit brought by Laura A. Miller, as administratrix of the estate of John Miller, on the 12th day of January, 1878, against the appellees. Appellant succeeded Laura A. Miller in administration. The suit was instituted for the purpose of procuring the decree of the district court of Anderson county, ascertaining the amount due the estate of John Miller, on a promissory note charged to have been executed by appellees on the 2d day of September, 1871, and due twelve months after date, to John Miller, for six hundred dollars; and also to procure a decree of foreclosure of a mortgage charged to have been executed by appellees on the day of the execution of the note to Miller, to secure the payment of the note; and praying the court that said mortgaged property might be sold. Appellant in his petition averred the execution and delivery of the note and mortgage, the maturity of the note, its non-payment, the liability of the mortgaged property as security for the payment of the note; also, that appellee Philip Unger became a voluntary bankrupt on the 4th day of October, 1872, under the bankrupt laws of the United States; that John Miller, on the 10th day of July, 1873, proved up said promissory

note and mortgage, and filed the same with the register in bankruptcy as a claim against the estate of the bankrupt; that on the 22d day of November, 1877, Laura A. Miller, as administratrix of John Miller, filed an additional deposition, proving the note and mortgage as a claim against the bankrupt estate, and filed the same with the register in bankruptcy. That on the 10th day of January, 1878, an order was made in the bankrupt court of the United States permitting Laura A. Miller to withdraw the note and mortgage from the register's office of the United States bankrupt court at Tyler, Texas, and permitting her to enforce the mortgage lien in the state court. The plaintiff averred that Mary Unger was the wife of Philip Unger, and sought no personal judgment against her, but, being a party to the mortgage, sought a judgment against her as to the mortgaged property.

The appellees by their attorneys filed a joint answer.

1st. General denial.

2d. Statute of limitation of four years.

3d. Special plea attacking for insufficiency a deposition of John Miller, filed in the court of bankruptcy on the 10th day of July, 1873, proving up the note and mortgage against the estate of the bankrupt; and also the deposition of Laura A. Miller in court on the 22d day of November, 1877, as additional proof of the note and mortgage against the estate of Philip Unger.

4th. That they had paid off and satisfied the note and mortgage by the substitution of a new contract entered into with T. J. Word, attorney for John Miller, on the 2d day of January, 1874; and that in accordance with the terms of that agreement, John Miller was to accept the rents on the mortgaged property for the year 1874, at the rate of fifty dollars per month, etc.

To appellees' answer appellant filed a supplemental petition containing four special exceptions to the same.

1st. To that portion wherein they plead the substitution of a new contract in satisfaction of the note and mortgage sued on.

2d. To the plea of the statute of limitations of four years, based upon the ground that exhibit "A," attached to the answers of appellees, showed that Philip Unger, on the 2d day of January, 1874, was a bankrupt, and fails to show that Philip Unger had been discharged for more than four years prior to the bringing of this suit.

3d. To so much of the supplemental answer of the appellees as is based upon a receipt and agreement of Col. T. J. Word, filed as a part of the answer, and was excepted to because the answer is not consistent with the receipt and agreement.

4th. To that portion of appellees' supplemental answer wherein they pleaded that the claim sued on by plaintiff was not properly proven up in the bankrupt court of the United States, because the issue sought to be made as to the sufficiency of proof was not a subject of proper inquiry in this court, and can be inquired into only in the court of bankruptcy, which alone can make the proper orders within the proper time, as to the sufficiency of the proof.

Appellant in supplemental petition replied to appellees' answers, and charged that the proceedings in bankruptcy, as against the estate of appellee Philip Unger, were still pending, and that he had not been discharged; and that John Miller, on the 10th day of July, 1873, filed with Douglas Reeves, a register in bankruptcy, the note and mortgage, with his deposition, proving up the same as a claim against the estate of appellee Philip Unger.

A jury being waived, the issues of law and facts were submitted to the presiding judge.

*Greenwood & Gooch* for appellant.

I. The bankrupt laws of the United States operate so as to suspend the running of the statute of limitations from the day when the creditor of a bankrupt offers his claim for proof in the bankrupt court, as against the estate of the bankrupt, and files the same with the register in bankruptcy. *In re* Robert Morris, Crabbe, 70; Bump on Bankruptcy, 566, 573; Blumanstiel's Law and Practice in Bankruptcy, 240.

II. The commencement of proceedings by a bankrupt in a court of bankruptcy, with a view of procuring a discharge from the bankrupt's debt, operates as a bar to all other proceedings against the bankrupt's estate, except such as may be afterwards had under the authority of the court of bankruptcy, until such bankrupt procures his discharge, or until such bankrupt case is closed. See Bump, 200, 201, 202, 12th ed.

III. Creditors who prove up their claims in a bankrupt court are barred from prosecuting their bankrupt claims in any other form. By submitting themselves to the jurisdiction, and becoming parties to the proceedings, they preclude themselves from proceeding against the bankrupt in any other manner, without leave of the court which has acquired jurisdiction of their claims. Bump, 676; Dingee *v.* Becker, 9, b. r. 508, 3 c. 31, Leg. Int., 156.

IV. That the statute of limitations, as against the creditor of the bankrupt's estate, ceases to run from the day when the creditor offers his claim for proof, as against the estate of the bankrupt, whether the proof offered to establish the claim be in strict compliance with the requirements of the bankrupt law or not. *In re* Robert Morris, Crabbe, 70; Bump, pp. 97, 98, 99, 101 and 102. See, also, Bump's General Orders in Bankruptcy, order No. 8, p. 853; No. 34, p. 867.

V. After a claim against the estate of a bankrupt has once been offered for proof before the register in the bankrupt court wherein the proceedings are pending, and the claim with the proof has been received and filed by the register in bankruptcy, the insufficiency of the proof can only be questioned in an original proceeding instituted in the court of bankruptcy, setting forth the grounds upon which the validity of the debt is contested and swearing to the same.

*R. A. Reeves* for appellee.

I. An offer by the creditor to prove his claim, and filing it with the register without proving the claim in the manner required by the statute, does not entitle the claimant to have his demand allowed, and does not suspend the running of the stat-

ute of limitations. Bump on Bank., 9th ed., sec. 5077, p. 620, and note referring to Davis assg. Bittel, 392; Bump, pp. 81, 87. For proof of consideration and payments, see note on page 621; *In re* Strauss, 2 B. R., 48, notes on p. 622; *In re* Elder, 3 B. R., 670; *In re* Soder, 2 B. R., 512, note on p. 623; *In re* Brand, 3 B. R., 324. For certificate of officer as to proof, Bump, pp. 103, 106, 111, and sec. 5080 on p. 630, and notes; *In re* Beldon and Hooker, 4 B. R., 194; *In re* Walton, 1 Deady, 510, sec. 5081 on p. 631, and notes. For limitation, see note on p. 738; *In re* Cornwall, 6 B. R., 305, and note on p. 551; Comeggs *v.* McCord, 11 Ala., 932; 7 Tex., 625.

II. Appellees admit that the proceedings in bankruptcy are a bar to all other proceedings against the bankrupt's estate except such proceedings as may be authorized by the court of bankruptcy, and say that said court authorized the institution of this suit, and that the commencement of the bankrupt proceedings did not stop the running of the statute of limitations against this claim, because said Miller and his representatives failed to comply with the requirements of the statute in the proof of the claim.

III. Appellees admit that the time of the adjudication in bankruptcy is the time of the filing of the petition, and say that the statute of limitation runs against the claim of a creditor until it is proved and allowed in the form required by the statute.

BONNER, ASSOCIATE JUSTICE. — In pursuance of the statute in cases where a jury has been waived, the presiding judge below entered of record the following conclusions of fact, deduced from the evidence :

1. That appellees, Phillip and Mary Unger, executed the mortgage set out in the appellant's petition, and that the note mentioned in the mortgage became due on September 22, 1872.

2. That $549.40 have been paid by appellees, leaving a balance of $294.33 principal, and $156.49 interest, due on said note, both amounting to $452.82.

3. That on October 4, 1872, appellee Phillip Unger filed his petition, as a voluntary petitioner, praying to be adjudged a bankrupt.

4. That on July 10, 1873, the payee of the note, Miller, filed his claim, and the same was received and filed on the same day by the register in bankruptcy.

5. That the affidavit proving said claim is not in compliance with the bankrupt law, but there is no evidence of any proceedings to set it aside.

6. That after said filing of said claim by Miller, he by his attorneys entered into the agreement attached to appellees' answer, and collected in pursuance of said agreement the sum of $499.40.

7. That on February 11, 1877, Miller, the payee, died.

8. That on June 20, 1877, his administratrix, Laura A. Miller, qualified.

9. That subsequently B. W. J. Wofford was appointed administrator *de bonis non* and prosecutes this suit.

10. That on November 22, 1877, administratrix, Laura Miller, filed an additional deposition proving said claim in bankruptcy, which deposition also does not comply with the requirements of the bankrupt act.

11. That on January 10, 1878, an order was made in the district court of the United States, permitting plaintiff to withdraw said claim from the register's office and prosecute it in the state courts.

12. That this suit was instituted on January 12, 1878.

The conclusions of law by the judge, based upon the facts so found, were as follows:

1. That the agreement executed at Miller's instance, and attached to defendant's answers, is not a novation and substitution of a different security and bar to recovery.

2. That the claim was wholly barred by the statute of limitations as to appellee Mary Unger, and that the laches of Miller and his representatives in not prosecuting his claim in the bankrupt court, and in collecting his claim outside of said

court, and in violation of the bankrupt law, estops him from claiming that the filing of his debt before the register in bankruptcy suspended the statute of limitation, and therefore the claim is also barred as to defendant Phillip Unger; and judgment was rendered for defendants and for costs against appellants.

After a careful examination and re-examination of this case, we find ourselves unable to concur in the conclusion of law reached by the learned judge presiding.

We regret that we have not access to some of the authorities cited by counsel. According to those we have, the statute of limitations would cease to run against a claim provable in bankruptcy when it was offered for proof, if not when the adjudication in bankruptcy was had; and that so long as the right to prove continues, the right to amend a defective proof exists. Bump on Bankruptcy (9th ed.), 104–106; id., 573, citing *In re* Eldridge & Co., 12 B. R., 540; *In re* Robert Morris, Crabbe, 70; id., 627, citing *In re* Myrick, 3 B. R., 154; *In re* Montgomery, 3 B. R., 429; *In re* Loweree, 1 B. R., 74; *In re* Elder, 3 B. R., 670; Blumanstiel's Bankruptcy, 240.

The testimony shows that, in this case, the bankrupt has not yet received his discharge.

Proof of debt in bankruptcy is analogous to the institution of a suit upon the claim, the proceedings in which, though so defective that they may be subject to demurrer, will nevertheless stop the running of the statute. Killebrew *v.* Stockdale, 51 Tex., 529.

The claim under consideration was not barred by limitation at the date of the adjudication in bankruptcy, or when first offered for proof. Although this proof seems not to have been formal, yet no objection thereto or appeal therefrom is shown to have been taken in the bankrupt court. Bump on Bankruptcy, 104–107.

On the contrary, the parties to this suit, in their agreement of January 2, 1874, treat it as having been proved, and it seems thus to have been considered by the bankrupt court in

the order of January 10, 1878, permitting it to be withdrawn and the lien to be enforced in the state court.

Under these circumstances, we are of opinion that the want of formality in the proof in the bankrupt court should not now be collaterally raised in the state court, to admit the defense of limitation.

We infer this to have also been the opinion of the presiding judge below, as he finds that, though the proof was defective, there was no proceeding to set it aside, and that the claim was not barred because of defective proof, but by reason of the laches of Miller and his representative in not prosecuting it in the bankrupt court, and in collecting it outside of the court and in violation of the bankrupt law.

The laches in not prosecuting the claim in the bankrupt court, and the endeavor to collect it outside that court, were with the approval, consent and express agreement of appellee Philip Unger himself, and it is reasonable to presume that it was intended as much for his benefit as that of appellant.

If the proceedings for proof of the debt were sufficient to stop the running of the statute, we are of opinion that this agreement and attempt under it to collect the debt, to which Philip Unger was a party, should not have the effect to bring the claim within the bar of the statute.

We are not advised, either from the statement of facts in evidence or the conclusions of fact found by the court, how the attempt to collect the debt outside the bankrupt court was in fraud of the bankrupt law.

In the absence of testimony we may infer, as the bankrupt was permitted to continue in possession of the property, that it had been set apart to him as exempt property, and that the rents and profits were under his exclusive control, and could be applied to the payment of a debt for which his estate in bankruptcy might otherwise have been liable.

For the error of the court in adjudging the claim to have been barred, for the reason stated in the record, the judgment must be reversed.

By the letter of the agreement of January 2, 1874, appellant bound himself not to ask a sale of the property by decree of the bankrupt court.

Whether it was in fact intended that this affirmative provision should be a negative upon the right to ask a sale in the state court, when the proceedings in the latter were upon leave granted by the former; whether the parties by the agreement intended an entire novation of the debt, or for its payment in part and release of the security for the remainder, if the agreement should be complied with, are questions which are not so fully developed, either by the pleadings or the evidence, as that we can satisfactorily pass upon them.

REVERSED AND REMANDED.

[Opinion delivered November 30, 1880.]