B. W. J. WOFFORD V. PHILIP AND MARY UNGER.

(Case No. 1076.)

1. LIMITATION.—The statute of limitations will run in favor of the wife from the date of the maturity of a note executed by the husband and wife, and secured by mortgage on the wife's separate estate, so as to defeat a foreclosure of the mortgage on proceedings against her begun more than four years after the maturity of the note, notwithstanding the debt, as against the husband, may have been kept alive by proceedings in bankruptcy.

2. LIMITATION.—The statute of limitations begins to run in favor of a surety or guarantor from the time he is liable to suit, and in favor of a mortgagor from the time the mortgagee's right of action accrues.

APPEAL from Anderson.   Tried below before the Hon. Peyton F. Edwards.

The opinion states the case.

*Greenwood & Gooch,* for appellant.

I.  Under the constitution and laws in force on the 22d day of September, 1871, the wife could join her husband in the execution of a valid mortgage on her separate estate to secure her husband's debt, and such a mortgage continues binding, and valid, so long as the debt against the husband remains valid, subsisting and binding; a mortgage, being an incident of a debt, binds so long as the debt remains a legal obligation, unless some equity may intervene in the meantime to extinguish the mortgage lien.  Wofford *v.* Unger, 53 Tex., 635; Duty *v.* Graham, 12 Tex., 434; Perkins *v.* Sterne, 23 Tex., 563; Buchanan *v.* Monroe, 22 Tex., 541; Eborn *v.* Cannon, 32 Tex., 244; Cartwright *v.* Hollis, 5 Tex., 162; Hollis *v.* Francois, id., 196.

*R. A. Reeves,* for appellees.

BONNER, ASSOCIATE JUSTICE.— The record in this case shows that on September 2, 1871, appellees Phillip Unger and his wife executed and delivered to John Miller their promissory note for $500, due September 2, 1872.  That to secure the same, Mrs. Unger executed a mortgage on a certain lot of land in the town of Palestine, the same being her separate property.  That on October 4, 1872, Phillip Unger became a voluntary bankrupt under the bankrupt laws of the United States.  The note was proven up in bankruptcy before it was barred by limitation, and on January 10, 1878, an order of the United States court was made, permitting the note and mortgage to be withdrawn, for the purpose of enforcing the mortgage in the state district court of Anderson county.  The suit in the latter court was instituted January 12, 1878, and resulted in a

judgment for defendants Unger and wife under their plea
of the statute of limitation.   From that judgment an
appeal was taken to this court, which resulted in its re-
versal, and will be found reported in 53 Tex., 634.

On the second trial, from which the present appeal is
prosecuted, the court below, a jury being waived, rendered
judgment against Phillip Unger, but in favor of Mrs.
Unger, deciding that the demand as against her was
barred by the statute of limitations.

The general question presented on the first appeal was
whether the proof of the debt in bankruptcy against the
husband was sufficient to arrest the statute of limitations.
This was decided in the affirmative, the record not show-
ing that the mortgaged property was the separate prop-
erty of the wife, and the presumption arising that it was
community property, and that therefore, as the debt was
not barred as against the husband, the remedy on the
mortgage would not be barred.

In the present appeal the record shows affirmatively by
the finding of the court, and herein lies the turning point
of difference, that the mortgage was upon the separate
property of the wife.   The question, then, which is now
presented for our decision is this:   Did the statute of
limitations run in favor of the wife from the date of the
maturity of the note sued on, so as to defeat a foreclosure
of the mortgage upon her separate property given to se-
cure the note, notwithstanding the debt, as against the
husband, had been kept alive by the proceedings in
bankruptcy?

Had the mortgage been upon the separate property of
the husband, or upon the community property of himself
and wife, we would have no hesitancy in deciding that
so long as the debt was not barred as to the husband, the
mortgage, being a mere incident thereto, could be en-
forced.   Perkins v. Sterne, 23 Tex., 561.

But we are of opinion that the same rule does not

apply to the mortgage given in this case by the wife upon her separate property.

The record does not show that the consideration of the note was such as, under our statute, would of itself make it a charge upon her separate property. No personal judgment could be rendered against her and none was sought. Pasch. Dig., arts. 4643–4; Kavanaugh v. Brown, 1 Tex., 481; Magee v. White, 23 Tex., 180; Menard v. Sydnor, 29 Tex., 257; 2 Jones on Mort., § 1226; id., § 1718.

She could, however, under repeated decisions of this court, charge her separate property, as was done in this case, by the execution and delivery of a mortgage to secure the debt of the husband. Hollis and Wife v. Francois & Border, 5 Tex., 195, and subsequent decisions; 1 Jones on Mort., § 113; 2 Bish. Married Women, § 306.

It is well settled that, in such cases, the property thus mortgaged will be treated in all respects as a surety or guarantor, and that whatever would discharge an individual surety or guarantor who was personally liable, will, under similar circumstances, discharge such property. Vartie v. Underwood, 18 Barb., 563; 1 Bish. on Married Women, § 604; 1 Jones on Mort., §§ 113–4; Brandt on Suretyship, §§ 21–2; Leading Cases in Equity (4th ed.), vol. 2, part 2, notes to Huntington v. Huntington, 1938.

The surety upon a promissory note is liable in an action upon the note, though the principal has been adjudged a bankrupt, the note filed by the payee in the bankruptcy proceedings, and a judgment rendered for the allowance of his distributive share of the assets. The surety could pay the debt and be subrogated to the rights of the creditor to receive whatever share of the assets might be coming to him. Gregg v. Wilson, 50 Ind., 490; Brandt on Suretyship, § 82.

The statute of limitations will commence to run in favor of a surety or guarantor from the time he is liable

to suit, and in favor of a mortgagor from the time the mortgagee's right of action accrues. Brandt on Suretyship, §§ 82, 120; 2 Jones on Mort., § 1210; Ratcliff v. Lenning, 30 Ind., 289; Governor v. Stonum, 11 Ala., 683.

In 1 Jones on Mortgages, § 115, the rule is laid down that the husband has no presumptive authority to consent to an extension of a mortgage given by the wife to secure his debt. Citing Bank of Albion v. Burns, 2 Lans. (N. Y.), 52; Smith v. Townsend, 25 N. Y., 479.

It was decided in Milburn v. Walker, that the husband could not, by virtue of his general authority to manage the wife's separate property, revive, as against that property, a claim which had become barred by limitations. 11 Tex., 344.

If he has not the right to revive it, he would not have the right, by acknowledgment and a new promise, to prevent the bar of the statute in the first instance, and a suit against him, or proceeding in bankruptcy to which the wife was not a party, would not have that effect.

If, instead of the property of the wife being the surety, it was an individual third party, and suit had not, as in the present case, been brought against him until after four years from the maturity of the note, he could plead the statute in bar; and in our opinion the same rule would apply to the wife. Although no personal judgment could be rendered against her, yet she was a necessary party to the suit, to ascertain the amount due, as a basis upon which to decree a foreclosure of the mortgage, and therefore could interpose any legal defense she may have had. Reynolds v. Lansford, 16 Tex., 286.

AFFIRMED.

[Opinion delivered December 13, 1881.]