## A. C. McKEEN v. SULTENFUSS ET ALS.

(Case No. 4134.)

1. TRUST DEED — REGISTRATION — STATUTE CONSTRUED — CREDITOR. — A creditor who takes a deed of trust to secure a pre-existing debt upon property with no notice, actual or constructive, of the existence of a former deed made by the debtor, may subject the property to the payment of his debt, and such former deed, which has not been duly acknowledged or proved up and lodged with the clerk of the proper county for record, prior to the execution of the trust deed, is void as to such creditor.

2. SAME — BANKRUPTCY. — The purchaser of the interest of such debtor in the property, who was, after executing both deeds, adjudged a bankrupt, acquires no interest.

3. SAME — RIGHT OF POSSESSION. — The right of possession in the property was in the first purchaser, subject to the right of the beneficiary in the trust deed to foreclose and sell.

4. PARTIES. — In foreclosing the lien, the original vendor having been adjudged a bankrupt, and having parted with all his interest by the first deed, was not a necessary party; but there should be a judicial ascertainment in such proceeding of the amount of debt unpaid for which the foreclosure is made.

5. SAME — BANKRUPTCY — LIMITATION. — When, in the bankrupt proceedings against the original vendor, no action was had as to the debt secured by the trust deed, except to prove and file the same with the register, and no steps were taken to secure payment of the note for which the trust deed was executed until more than four years after the close of bankrupt proceedings against the debtor, the debt and right to foreclose for its payment were barred by limitation.

APPEAL from Bexar. Tried below before the Hon. Geo. II. Noonan.

On December 18, 1875, appellant brought this suit of trespass to try title against appellees to recover the land described in the petition. He claimed by deed of conveyance from John H. Herndon to J. L. & A. C. McKeen, dated January 7, 1867, and filed for record November 7, 1868, and a deed from J. L. McKeen to appellant, dated May 23, 1874.

Appellees answered to the effect that, while the deed from Herndon to the McKeens was absolute in form, it was in fact a mortgage. They also claimed that, without notice of the existence of that instrument, J. H. French & Co. took a deed of trust upon the land to I. P. Simpson, as trustee, from J. H. Herndon, to secure a large indebtedness. The deed of trust was dated March 18, 1868, and filed for record the same day. That Herndon was adjudged a bankrupt in 1868, and French & Co. proved up their claim and lien, and that the assignee sold the interest held by the bankrupt in the land subject to liens, etc., and that French & Co. purchased the same; that Herndon was discharged in 1869, and a large portion of the debt to French & Co. had never been paid. They claimed all the rights of French & Co. by reason of certain deeds to them, etc., and sought a foreclosure of the deed of trust.

To this appellant replied that the French & Co. note, etc., was barred by limitation.

A trial was had, and the jury returned the following verdict: "We, the jury, find that the estate of Jno. James, deceased, is entitled to an undivided one-third interest in the Stafford tract, as stated in deed of I. A. Paschal to John James. And find further that the deed held by plaintiff is an absolute conveyance; and that the title of defendants stands good from the fact of priority of record."

A decree was rendered upon the verdict adjudging to the estate of John James an undivided one-third interest, and to appellant the other portion of the land, but foreclosed the trust deed in behalf of appellees on that part of the tract adjudged to appellant to secure $3,724.69, determined by the court to be the balance due; and suspended the writ of possession in behalf of appellant and writ of partition until appellees' claim was satisfied.

*John Ireland*, for appellant, cited: Spurlock *v.* Sullivan, 36 Tex., 516; Watkins *v.* Edwards, 23 Tex., 447; Rodgers *v.* Burchard, 34 Tex., 453; Ayres *v.* Duprey, 27 Tex., 593; Grace *v.* Wade, 45 Tex.,

522; Luny v. Hoake, 18 Bk., 544; Wernwag v. Brown, 3 Blackf. (Iowa), 457; Bond v. Jones, Appellate Court; Spring v. Eisenach, 51 Tex., 432; Ray v. Norsworthy, 23 Wallace; 2 Hilliard on Mortgages, pp. 188, 189.

*Simpson & James*, for appellees, cited: Hardy v. De Leon, 5 Tex., 246; Hamilton v. Rice, 15 Tex., 384; Wells v. Barnett, 7 Tex., 586, 587; Newcomb v. Walton, 41 Tex., 318; Ayres v. Duprey, 27 Tex., 593; Grace v. Wade, 45 Tex., 522; Lynn v. Le Compte, 47 Tex., 440; Elliott v. Booth, 44 Tex., 180; Bump on Bankruptcy, pp. 155, 535; Bankrupt Act, sec. 20, as amended; Firebaugh v. Ward, 51 Tex., 414.

WATTS, J. COM. APP.— This was an action of trespass to try title. Appellant claimed under a deed from John H. Herndon dated January 7, 1867, and recorded in Bexar county, where the land conveyed was situated, November 7, 1868. Appellees asserted by their answer that, although absolute in form, in fact this deed was a mortgage given to secure a debt. That issue was submitted to the jury, and the verdict affirmed it to be an absolute conveyance; and for the purposes of this appeal it will be so considered.

In March, 1868, John H. Herndon, through an authorized agent, executed a deed of trust on this and other lands to I. P. Simpson, as trustee, to secure a note given by Herndon to J. H. French & Co. for $2,644, dated February 15, 1868. This deed of trust was recorded in Bexar county March 19, 1868, and was asserted in the court below by the appellees, with a prayer for the foreclosure of the same.

The first, and one of the principal questions presented for determination, is as to whether, under our registration laws, the conveyance by Herndon to the McKeens was subordinate to the deed of trust to Simpson. There is no pretense that either Simpson or J. H. French & Co. had any notice of the existence of the deed to the McKeens at and before the execution of the trust deed.

But it is claimed by the appellant that the trust deed was executed to secure a pre-existing debt, and therefore the beneficiaries do not occupy the position of innocent purchasers for value.

It may be conceded, as asserted, that it was a pre-existing debt. And if they are only to be regarded as purchasers, that it is well settled that, as they advanced no new consideration for the lien, they cannot be considered as purchasers for value. But that doctrine has been materially modified by reason of our registration

laws, which declare that all conveyances, unless acknowledged or proved and lodged with the clerk for record, "shall be void as to *all creditors* and subsequent purchasers for valuable consideration without notice."

It is now settled that only lien creditors are embraced within the statute. And where a creditor has secured a lien upon the property, without notice of the existence of the non-recorded deed, he is entitled to the protection of the statute.

As was said in Ayres *v.* Duprey, 27 Tex., 607: "But we presume there can be but little doubt, either in principle or authority, in saying that only such creditors as have secured some character of lien upon the land before notice of the unrecorded deed are within the protection of the statute."

So far as the question has been directly adjudicated in this state, it has been where a specific lien has been secured by a levy upon the land before notice to the creditor of the existence of the non-recorded deed.

In other states having similar statutes it has been held that, if the lien of the judgment attaches before the creditor has notice of the existence of the deed, that will entitle the creditor to the protection of the statute. Pollard *v.* Cocke, 19 Ala., 188; Hulings *v.* Guthrie, 4 Barr, 123; Uhler *v.* Hutchinson, 23 Penn. St., 110; Shepherd *v.* Burkhalter, 13 Ga., 443.

In Grace *v.* Wade, 45 Tex., 532, it is said: "We also cordially approve and reaffirm the decision in Blankenship *v.* Douglass, to the effect that the judgment lien on land of the debtor extends to and binds only such estate as the debtor has when the lien attaches, except as this doctrine is qualified by the registration laws prescribing the effect of unrecorded conveyances and mortgages upon the rights of creditors and purchasers."

While in Blankenship *v.* Douglass, 26 Tex., 228, it is said: "And although, in the present instance, the lien of the judgment recovered by Mullins would prevail over the unregistered deed executed by J. J. Blankenship to David Blankenship on the 7th of November, 1856, unless it were shown that Mullins had actual notice or reasonable information of said deed, this is so only by virtue of our statute of the 5th of February, A. D. 1841."

From these authorities it may be assumed that the creditor who secures a judgment lien upon the land, without notice of the existence of the non-recorded deed, is entitled to the protection of the statute.

If, then, a general lien has that effect, undoubtedly, where the creditor has secured a specific lien by contract upon the land with-

out any notice of the unrecorded deed, it ought to entitle him to the protection of the statute. No reason is perceived for any distinction in this respect between liens created by operation of law and liens created by contract; and no such distinction can have right reason for its foundation. In one case the creditor has proceeded by suit until his lien attaches; in the other he proceeds amicably, and by contract secures his lien. It has never been the policy of the courts to encourage litigation, and to discourage it they have ever been most liberal in dealing with compromises and contracts that have for their object or result in obviating contests at law. In our opinion, the creditor who, without notice of the unrecorded deed, secures a lien upon the land by contract, is as fully protected as is the creditor who secures his lien by operation of law. And in such case he is protected as a "creditor" and as a "subsequent purchaser for value and without notice."

French & Co. acquired at the bankrupt sale of the land only the interest in the same then in the bankrupt estate of Herndon; and as he had long before the adjudication in bankruptcy divested himself of all interest, by an absolute conveyance to the McKeens, French & Co. acquired actually nothing by that purchase. Then the only right, as disclosed by the record, as being in the appellees, was to secure a foreclosure of the lien created by the trust deed upon the land, unless the debt for the security of which it was given had been either paid or barred by limitation.

The effect of the verdict was that appellant was the owner of the land, but, by reason of the failure to record the McKeen deed from Herndon, the land was subject to the lien of the trust deed. Now the fact that appellees might have been the beneficiaries by assignment from French & Co., would give them no right to the possession of the land as against the appellant, who was undoubtedly entitled to the possession until after foreclosure and sale. And in refusing to award a writ of possession at once in behalf of appellant, we are of the opinion that the court erred.

In foreclosing the lien John H. Herndon was not a necessary party. It appears that he had received his discharge from the bankrupt court and was no longer liable for the debt. If he had been a party, no judgment could have been rendered against him for the debt. And as he had conveyed all his right to the McKeens, he had no interest whatever in the subject matter of the suit. But, in foreclosing the lien, it was essential to have a judicial ascertainment of the amount of the unpaid debt to secure which the trust deed was executed.

As a jury had interposed, that issue should have been settled by the verdict. It is not true that because the evidence disclosed the amount of the unpaid balance of the debt that the court could go beyond the verdict, and base the decree upon facts disclosed by the evidence which had not been passed upon by the jury. It is essential that there should be an existing debt to authorize a foreclosure of the lien. And if that is not admitted in the pleadings of the appellant, or found by the jury, then there is no legal basis for the foreclosure decree. Handel v. Elliott, Texas Law Review, vol. 2, p. 184.

The proceedings in bankruptcy were commenced in 1868, and Herndon was finally discharged in 1869. Appellees set up and seek a foreclosure of the deed of trust for the first time in their answer filed March 10, 1877; and to that the appellant interposed the defense of limitation.

It was claimed by appellees that the proceedings in bankruptcy were equivalent to a judgment in favor of French & Co. against Herndon upon the debt, and that it would not be barred under ten years, and this seems to have been the view entertained by the court below. Nothing was done in the bankrupt court except to prove and file the debt with the register. There was no proceeding had for the foreclosure of the lien, or any judgment rendered on the debt.

Pending the bankruptcy proceedings the statute of limitations was suspended. Killebrew v. Stockdale, 51 Tex., 529; Wofford v. Unger, 53 Tex., 641. But Herndon was discharged in 1869. From thence he was no longer personally liable for the debt. There was no existing judgment against him for the same. True, his discharge did not preclude a foreclosure of the lien thereafter in the state court. But to authorize such foreclosure, it would be incumbent upon appellees to establish what, if it was not for the discharge, would be a subsisting debt against Herndon. Here the debt relied upon is the note to French & Co., not the judgment of a court of competent jurisdiction. Against that note the statute commenced to run March 31, 1870, and continued to run for nearly seven years before the assertion of the lien by appellees. We are of the opinion that appellees are precluded from enforcing the lien as against appellants by reason of the operation of the statute upon the French & Co. note. 18 Cal., 482; 23 Cal., 25.

Our conclusion is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted March 21, 1884.]