Opinion by
Delaney, J.
§ 2 94. Conditional sale; application to, of registration law; purchaser on same level with creditor; mortgage lien. This suit was brought by appellant in the county court of Cooke county upon five promissory notes, two of them for the sum of $54.16 each, and the remaining three for $13 each. A copy of one of the notes will be found below. The suit was. brought against R. J. M. Patterson and Chas. Stoer, as partners, and W. L. Blanton, W. H. Ritchey and Wm". Hudson. Plaintiff alleged that the notes were given for a soda fountain and fixtures sold by him to Patterson & Stoer; that there was a lien *224 upon the same for the purchase money, and asked a foreclosure. In the original petition plaintiff admitted the payment of $100 by Patterson & Stoer, at the date of the purchase, and the subsequent payment by them of two of the notes.
Plaintiff filed his first amended original petition on the 21st day of May, 1883, under which the trial was had. The suit was dismissed as to defendants R. J. M. Patterson, Charles Stoer and William Hudson, said Hudson having filed a disclaimer, and the cause proceeded to trial as to defendants W. L. Blanton and W. H. Ritch'ey. The nature of the suit, as set forth in plaintiff’s first amended petition, was to try the title and right of possession to a certain soda water apparatus, which plaintiff delivered to defendants Patterson & Stoer, about the 1st day of-May, 1882, under a conditional sale of the same, the conditions of which sale are set forth in seven contract notes executed by said Patterson & Stoer to plaintiff, dated May 1, 1882, due on the first days of July, August, September and October, 1882, and the first days of May, June and August, 1883, respectively, the first two of which were paid, and the third, which became due September, 1882, prior to the commencement of this suit, and the fourth and fifth, which became due prior to the filing of plaintiff’s amended petition, were never paid. The third note is as follows:
“ $51.75. Gainesville, Texas, May 1, 1882.
“For value received September 1, 1882, after date I promise to pay to the order of James W. Tufts fifty-four and 75-100 dollars, with interest seven per cent. The consideration of this and other notes is the following described soda water apparatus, one No. 2 Orescent stand, one No. 2 Sterling generator and four 11 gall, copper fountains, which I have received of said James W. Tufts. Nevertheless, it is understood and agreed by and between me and the said James W. Tufts, that the title to the above mentioned property does not pass to me, and that until all said notes are paid, the title to the aforesaid prop *225 erty shall remain in the said James W. Tufts, who shall have the right, in case of non-payment at maturity of either of said notes, without process of law, to enter and retake, and may enter and retake, immediate possession of said property, wherever it may be, and remove the same.
“R. J. M. Patterson & Stoer.
“ Payable at Chambers & Putman & Co. Bank
“.Due September 1, 1882.”
All the other notes contain the same conditions and stipulations as the third one above described. The plaintiff alleges that said notes having become due and unpaid, that, according to the stipulations of this contract evidenced by said notes, the title and right of possession to the .property in controversy remained in plaintiff, and the defendants withholding the possession of the same from him, he is entitled to recover the same. On the 6th day of September, 1882, R. J. M. Patterson and Charles Stoer, by their deed of assignment of that date, conveyed to defendant W. L. Blanton, all their real and personal estate for the benefit of such of their creditors as would, consent to accept such assignment, and discharge them from their respective claims. Said Blanton took possession of all such property on the same day said assignment was made, including the soda water apparatus in controversy.
The defendants allege in their answer the delivery of the property in controversy by plaintiff to Patterson & Stoer, and the execution of the notes with the conditions contained therein as alleged by plaintiff, and say that plaintiff at said time was a resident of Boston, Mass., and that said Patterson & Stoer were residents of Cooke county, Texas; that Patterson & Stoer had apparent title to said property and the possession of the same; that said notes and reservations in the same were not acknowledged and recorded in the office of any county clerk in this state; that on the 26th day of August, 1882, said Patterson & Stoer became indebted to defendant W. H. *226 Ritchey, in the sum of $152, and executed to him theii mortgage on said property, which mortgage was properly acknowledged and recorded on said date, and that said Ritchey obtained a lien on said property in good faith without any notice of plaintiff’s claim; that said indebtedness has never been paid, and that said Patterson & Stoer are insolvent; that on the 6th day of September, 1882, said Patterson & Stoer executed to defendant W. L. Blanton, a deed of assignment to pay the existing debts against them; that on said day and date said Blanton took possession of said property for the purpose of carrying out said trust; that the property of said Patterson & Stoer is insufficient to pay said debts; that said Blanton is now entitled to the possession of said property for said purpose; that said Ritchey duly and legally presented his claim to said W. L. Blanton, and that the same has been allowed as a valid claim against said Patterson & Stoer; that defendant Blanton, by virtue of such assignment, took possession of said property without any notice, actual or constructive, of plaintiff’s claim; that for want of such notice, plaintiff’s claim was void as to defendants and other creditors of Patterson & Stoer.
Plaintiff demurred generally to defendants’ answer, which was overruled by the court, to which ruling plaintiff excepted. A trial was had before a jury, and a verdict and judgment was rendered in favor of defendants, and from which judgment plaintiff appealed to the court of appeals.
The assignments of error are fourteen in number. Such as are considered important will be examined in the opinion.
OPINION.
We cannot think of discussing all of the fourteen-assignments of error which are contained in the record.-
The vital question in the case is raised' by the first assignment, which is as follows: “The court erred in overruling plaintiff’s demurrer to defendants’ original answer, filed May 21, 1883.”
*227 The answer presented, as a defense, that the notes upon which the suit was brought had never been filed for record, or recorded in tl$e county; and the defendants had no notice, either actual or constructive, of the contract, when they acquired their claim upon the property.
Appellant’s counsel insists that the contract between the plaintiff, and the firm of Patterson & Stoer, was only a conditional sale, and that no title passed to the vendees until the payment of the purchase money. If we admit that the sale was a conditional one, still, as there was an actual delivery, the question to be determined is, whether the case comes within the purview of our registration laws.
In the case of Knittel v. Cushing, 57 Tex. 354, the facts of which are very similar to those presented in this case, the court held, that the contract came within the policy of the registry laws; and that Knittel, who was an innocent purchaser for value, and without notice, was entitled to recover. That was the case of a purchaser. The appellees in this case are creditors, and they are claiming the same protection which the purchaser obtained in the other.
The decisions in the different states are far from being uniform, and they are, in all probability, largely controlled by statutory provisions.
Appellant relies upon the case of Herring v. Hoppock, 15 N. Y. 409. In that case Herring sold to Brooks and Hopkins a safe, taking a note which provided that the title should not pass until the money was paid. The court held the sale a conditional one, and that the property in the hands of the vendees was not subject to levy and sale at the suit of their creditors. But the court clearly intimates, under the same circumstances, that a purchaser from the vendees, for value and without notice, would have taken the property. This seems to be the settled rule in New York, although, as between the parties themselves, the sale and delivery may have been con *228 ditional. [Smith v. Lynes, 1 Selden, 41; 6 Johnson, 437; 1 Paige, 312; 1 Edwards’ Ch. 146.]
April 28, 1884.
Our statutes of registration glace a creditor who has acquired a lien upon the property upon the same level as a purchaser. [Ayres v. Duprey, 27 Tex. 593.] And in the case of McKean v. Stultenfess, 61 Tex. 325, it was held that a creditor who, without notice, takes a mortgage, and has it duly recorded, is a lien creditor, within the meaning of the statute.
In our opinion, the plaintiff below was entitled to a recovery as against the assignee, who can claim no higher rights in the property than the original vendees. He would, however, take the property subject to the lien of the mortgage.
But as the mortgage embraced other property besides that in controversy, equity would require that the mortgagee should exhaust that before proceeding against the property of the plaintiff.
Reversed and remanded.