**LONG ISLAND TRUST COMPANY, Plaintiff,**

v.

**Edward T. DICKER, Defendant.**

**Civ. A. No. 3–77–0856–H.**

United States District Court, N. D. Texas, Dallas Division.

Nov. 9, 1979.

Werner A. Powers, Coke & Coke, Dallas, Tex., for plaintiff.

Richard H. Elliott, Day & Elliott, Dallas, Tex., for defendant.

SANDERS, District Judge.

### ORDER

Plaintiff Long Island Trust Company ("Long Island") sues to enforce and collect upon a written guaranty executed by Defendant Edward T. Dicker ("Dicker"). The guaranty provides, *inter alia,* that Dicker guaranteed payment to Long Island of "all liabilities" of Gemstone Miners Ltd. ("Gemstone").

The case was tried before the Court and a jury beginning October 11, 1979. On October 17, the jury was discharged, having been unable to reach a verdict. During the trial both parties timely filed Motions for Directed Verdict, now renewed and treated by the Court as Motions for Judgment pursuant to Rule 50(b), Federal Rules of Civil Procedure.

The facts of this litigation are not complicated and are here stated in the light most favorable to Long Island (and without reference to Dicker's claim that he was fraudulently induced to sign the guaranty in question).

On September 10, 1971, Dicker for a valuable consideration signed the guaranty upon which Long Island sues. On February 13, 1973, Gemstone executed and delivered a promissory note in the principal amount of $114,000.00 payable to Long Island. The note came due May 14, 1973; it was not paid then or later. On April 30, 1973, Gemstone executed and delivered an additional promissory note in the principal amount of $10,000.00 payable to Long Island. This note came due July 30, 1973; it was not paid then or later.

On August 7, 1973, Long Island notified Dicker by letter that Gemstone's liabilities (that is, the two notes above referred to) were due and owing by Dicker as guarantor. Thereafter, Long Island filed suit in state court in New York against Gemstone and Dicker. Long Island obtained judgment in the New York suit against Gemstone on June 29, 1976, for $157,000.00 (consisting of the principal amounts of the two notes plus interest and attorney's fees), service of process on Dicker having been vacated and set aside and Dicker having been dismissed from the suit without prejudice.

On June 23, 1977, Long Island filed this suit against Dicker, alleging that the New York judgment for $157,000.00 against Gemstone has not been paid and that Dicker is liable on his guaranty to Long Island for the amount of the judgment.

In his motion for judgment, Dicker asserts that all that portion of the New York judgment which is based upon the $114,-

000.00 note due May 14, 1973, is barred by the four year statute of limitations. The court is of the opinion that Dicker's motion is valid in this respect and that it should be granted.

■ The Texas four-year statute of limitations (Art. 5527, Tex.Rev.Civ.Stats.) applies even though the cause of action arose in New York. *Titus v. Wells Fargo Bank,* 134 F.2d 223, 224 (5th Cir. 1943). Long Island argues that its claim against Dicker is based upon the June 29, 1976, judgment, contending, in sum, that the judgment is a new cause of action distinct from the $114,-000.00 note. Dicker replies that reducing the note to judgment against the principal debtor, *viz,* Gemstone, did not create a new and distinct cause of action and liability against him as guarantor, and that his liability for purposes of the statute of limitations is measured from the due date of the note, *viz,* May 14, 1973.

■ Long Island cites Section 47 of the Restatement of Judgments and *McKeen v. James,* 23 S.W. 460 (Tex.Civ.App.1893), aff'd 87 Tex. 193, 27 S.W. 59 (1894) in support of its argument. These authorities are inapposite. More to the point are *General Phoenix Corp. v. Cabot,* 300 N.Y. 87, 89 N.E.2d 238 (1949); *Ray v. Spencer,* 208 S.W.2d 103 (Tex.Civ.App.—Texarkana 1947, writ refused); *Wofford v. Unger,* 55 Tex. 480, 483 (1881); *U. S. v. Select Meat,* 275 F.Supp. 38, 45 (W.D.Tex.1967). From these authorities it is clear that in both Texas and New York the liability of a guarantor accrues on the date that the principal debt is due, the debtor having failed to pay, and that the relationship of debtor and creditor is at once established between the guarantor and the holder of the note. The liability of the guarantor, upon default of the principal debtor, is separate and distinct from the liability of the principal debtor. *Peoples Trust v. O'Neil,* 273 N.Y. 312, 7 N.E.2d 244 (Ct. of App. 1937). Thus, Dicker's liability as guarantor on the $114,000.00 note accrued May 14, 1973, on which date the statute of limitations began to run. This suit, filed against Dicker June 23, 1977, more than four years later, is therefore barred by Art. 5527, R.C.S.

■ Long Island argues that the statute of limitations was tolled by Article 5539a (Rev.Civ.Stats.Tex.), since this suit was filed within sixty days after the New York appellate court, on May 16, 1977, affirmed the New York trial court's dismissal of Dicker from the New York suit. But *Burford v. Sun Oil,* 186 S.W.2d 306 (Tex.Civ. App.—Austin 1944, writ ref'd.), relied upon by Long Island, does not apply here; *Burford* was a suit originally filed in a Texas federal court, dismissed by that court for lack of jurisdiction, and thereafter (within sixty days) filed in a Texas state court—a situation clearly encompassed by 5539a.

Long Island and Dicker stipulated in the Pretrial Order that Dicker was dismissed from the New York suit for lack of personal jurisdiction. In accordance with the great weight of authority the court holds that 5539a does not in these circumstances toll the Texas four-year statute of limitations. *Andrew v. Bendix Corp.,* 452 F.2d 961, 962–3 (6th Cir. 1971), *cert. den.* 406 U.S. 920, 92 S.Ct. 1773, 32 L.Ed.2d 119 (1972); *Riley v. Union Pacific,* 182 F.2d 765 (10th Cir.) (1950). See, also, *Scurlock Oil v. Three States Contracting Company,* 272 F.2d 169 (5th Cir. 1959).

However, that portion of Long Island's claim based upon the $10,000.00 note which came due July 30, 1973, is not barred by the statute of limitations. A new trial is required, and will be granted, with respect to the factual issues regarding that note.

Dicker's motion for judgment is GRANTED with respect to Long Island's claim based upon the $114,000.00 note, and the cause of action with respect thereto is DISMISSED; Long Island's alternative motion for a new trial with respect to its claim based upon the $10,000.00 note is GRANTED; any other relief sought by either party and not specifically granted herein is DENIED.

SO ORDERED.