IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

MILL ALLEY PARTNERS, an Arizona general partnership,
*Plaintiff/Appellee*,

*v.*

WILLIAM H. WALLACE; CLUB LEVEL, INC.,
*Defendants/Appellants*.

No. 1 CA-CV 13-0547
FILED 11-20-14

---

Appeal from the Superior Court in Maricopa County
No.  CV2009-032774
The Honorable Michael D. Gordon, Judge

**REVERSED; VERDICT REINSTATED**

---

COUNSEL

Mandel Young, PLC, Phoenix
By Robert A. Mandel, Taylor C. Young, Jennifer M. Perkins
*Counsel for Plaintiff/Appellee*

The Law Offices of Mary T. Hone, PLLC, Scottsdale
By Mary T. Hone
*Counsel for Defendants/Appellants*

---

**OPINION**

Chief Judge Diane M. Johnsen delivered the opinion of the Court, in which
Acting Presiding Judge Lawrence F. Winthrop and Judge John C. Gemmill
joined.

---

**J O H N S E N**, Chief Judge:

**¶1**         After a jury entered a general verdict in favor of the defendant on a landlord's claim for breach of a guaranty, the superior court granted a new trial because it concluded it had erred by allowing the jury to decide whether the claim was barred by laches or equitable estoppel.  Equitable defenses are for the court to decide, not the jury.  But because the landlord had failed to object, absent fundamental, prejudicial error, the superior court lacked the power to grant a new trial on that ground.  On appeal, the landlord has not demonstrated it was prejudiced by the error.  Accordingly, and because the superior court properly instructed the jury about when the claim accrued for purposes of the statute of limitations, we reverse the new-trial order and reinstate the verdict in favor of the defendant.

## FACTS AND PROCEDURAL HISTORY

**¶2**         Mill Alley Partners leased the second floor of a Tempe building to William H. Wallace and his company Club Level, Inc. (collectively "Wallace") for use as a nightclub.  Wallace sold the nightclub in early 2003.  In connection with the sale, Wallace guaranteed the first 36 months of a new lease between the new nightclub owner and Mill Alley.

**¶3**         From the beginning, the new tenant persistently failed to pay the rent in full and on time, and ultimately closed the nightclub seven months into the lease.  Mill Alley sued Wallace in October 2009, alleging breach of his guaranty of the lease.  In answering the complaint, Wallace alleged Mill Alley's claim was barred by laches, estoppel and the applicable six-year statute of limitations.  *See* Ariz. Rev. Stat. § 12-548 (2014).[1]  During a three-day trial, the parties put on evidence regarding the tenant's missed payments, the date the tenant abandoned the space and subsequent unsuccessful negotiations between Wallace and Mill Alley.

**¶4**         Over Wallace's objection, the superior court instructed the jury that Mill Alley's claim accrued for purposes of the statute of limitations upon a material breach of the guaranty by Wallace.  Neither party objected to the proposed instructions regarding laches or equitable estoppel, nor to allowing the jury to decide those equitable defenses.  During deliberations, the jury submitted questions regarding the accrual of Mill Alley's claim.  After discussing the issue with counsel, the court concluded it had instructed the jury incorrectly about when the claim accrued for purposes

---

[1]         Absent material revision after the date of the events at issue, we cite a statute's current version.

of limitations. Over Mill Alley's objection, the court reinstructed the jury that Mill Alley's claim accrued upon a material breach by the new tenant, and not by Wallace. After each party gave another closing argument, the jury returned a general verdict in favor of Wallace.

**¶5**      A few days later, the superior court *sua sponte* notified the parties it was considering ordering a new trial because it had erred by submitting the equitable defenses to the jury rather than deciding them itself. In response to the court's invitation to file briefs, Mill Alley moved for a new trial, arguing (1) the court erred by submitting equitable defenses to the jury, (2) the mid-deliberation changes to the jury instructions constituted an irregularity resulting in prejudice, and (3) the amended instruction on accrual was incorrect as a matter of law. The court granted a new trial on the basis that it had committed fundamental error in submitting the equitable defenses to the jury and expressly rejected the other grounds.

**¶6**      Wallace appeals from the new-trial order. This court has jurisdiction pursuant to Arizona Revised Statutes § 12-2101(A)(5)(a) (2014).

## DISCUSSION

**¶7**      We review a ruling on a motion for new trial for an abuse of discretion. *City of Glendale v. Bradshaw*, 114 Ariz. 236, 237-38, 560 P.2d 420, 421–22 (1977). Although we apply a more liberal standard when reviewing an order granting a new trial than an order denying one, *see Caldwell v. Tremper*, 90 Ariz. 241, 246, 367 P.2d 266, 269 (1962), "if the lower court granted a new trial because of instructions believed to be erroneous, which were in fact proper . . . then the court having misjudged the correctness of said instruction, there is no discretion to be exercised." *City of Phoenix v. Harlan*, 75 Ariz. 290, 293-94, 255 P.2d 609, 611-12 (1953). This is because a court lacks discretion to make legal error. *Id.*; *Long v. Corvo*, 131 Ariz. 216, 217, 639 P.2d 1041, 1042 (App. 1981).

**¶8**      On appeal, the parties do not disagree that equitable doctrines such as laches and estoppel are matters for the court to decide, not the jury. *See McCloud v. State*, 217 Ariz. 82, 86, ¶ 9, 170 P.3d 691, 695 (App. 2007); *Timmons v. City of Tucson*, 171 Ariz. 350, 356-57, 830 P.2d 871, 877-78 (App. 1991). Wallace, however, argues the superior court erred by granting a new trial because Mill Alley did not object to the jury instructions on laches and equitable estoppel and agreed that the jury would finally rule on those defenses. A party's failure to object to an erroneous jury instruction waives all but fundamental error. *See Data Sales Co. v. Diamond Z Mfg.*, 205 Ariz.

594, 601, ¶ 31, 74 P.3d 268, 275 (App. 2003); Ariz. R. Civ. P. 51(a). For that reason, absent fundamental error, the superior court may not grant a new trial based on an erroneous instruction to which no objection was raised at trial. *Long*, 131 Ariz. at 217, 639 P.2d at 1042 (new-trial order in such circumstances "exceeds the court's legal discretion and must be set aside").

**¶9** Fundamental error is error that goes to the foundation of the case and deprives a party of a fair trial. *Id.*; *Maxwell v. Aetna Life Ins. Co.*, 143 Ariz. 205, 212, 693 P.2d 348, 355 (App. 1984). "The doctrine of fundamental error is sparingly applied in civil cases and may be limited to situations where the instruction deprives a party of a constitutional right." *Bradshaw v. State Farm Mut. Auto. Ins. Co.*, 157 Ariz. 411, 420, 758 P.2d 1313, 1322 (1988). To prevail on appeal, a party claiming fundamental error also must show prejudice. *See Clark v. Muñoz*, 235 Ariz. 201, ___, ¶ 12, 330 P.3d 958, 960 (2014).

**¶10** Here, the superior court erred by allowing the jury to finally decide whether Mill Alley's claim was barred by laches or estoppel. We need not decide whether the error was fundamental, however, because Mill Alley cannot explain how it was prejudiced by having the jury rather than the court decide the equitable defenses. Mill Alley suggests the jury may have been improperly influenced by the instructions' reference to the possibility of "undue delay," but the same instructions are given whenever a jury is asked to give advisory verdicts about laches and estoppel. In any event, given the general verdict, Mill Alley cannot establish that the jury found against it based on laches or equitable estoppel rather than on the statute of limitations.

**¶11** Mill Alley, however, also argues the general verdict cannot stand because the amended instruction the superior court gave on limitations was confusing and legally incorrect.[2] As noted, after receiving the jurors' questions about accrual, the superior court reinstructed the jury as follows:

> [Wallace has] raised as a defense to plaintiff's claim for breach of [the] Guarantee Agreement[] . . . that it is time-barred because plaintiff did not bring its suit within six (6) years . . . .

---

[2] Without filing a cross-appeal, an appellee may argue that a new-trial order should be sustained on grounds argued but not relied on by the trial court. *Santanello v. Cooper*, 106 Ariz. 262, 264-65, 475 P.2d 246, 248-49 (1970).

The accrual date is triggered by the [tenant's] material breach of the lease, which is a date that you must determine.

A material breach occurs when a party fails to do something required, which is so important to the contract that it defeats the very purpose of the contract.

¶12            Mill Alley argues this amended instruction misstates the law. It contends that because a guaranty contract is a separate contract, independent of the underlying obligation, the accrual of a claim for breach of a guaranty is independent of the accrual of a claim for breach of the underlying obligation.  Although Mill Alley is correct that a guaranty contract is independent of the underlying obligation, *Flori Corp. v. Fitzgerald*, 167 Ariz. 601, 602-03, 810 P.2d 599, 600-01 (App. 1990), it does not follow that a claim for breach of a guaranty cannot accrue upon a breach of the underlying obligation.  Indeed, several courts have held that a claim against a guarantor generally accrues when the principal defaults.  *See Long Island Trust Co. v. Dicker*, 480 F. Supp. 656, 658 (N.D. Tex. 1979), *rev'd on other grounds*, 659 F.2d 641 (5th Cir. 1981); *California First Bank v. Braden*, 264 Cal. Rptr. 820, 822 (Cal. App. 1989); *Haber v. Nasser*, 733 N.Y.S.2d 720, 721 (N.Y. App. Div. 2001); *Leedom v. Spano*, 647 A.2d 221, 226 (Pa. Super. Ct. 1994); *Sapp v. Wheeler*, 741 S.E.2d 565, 570 (S.C. App. 2013); 38 Am. Jur. 2d *Guaranty* § 96 (2014) ("Generally, the statute begins to run on the breach of the underlying obligation triggering the guarantor's obligations.").

¶13            Notwithstanding any general rule of accrual, the parties may agree on notice or cure periods that as a practical matter will toll the accrual of a claim for breach of the guaranty until some point after a breach of the underlying obligation.  *See Provident Nat'l Assurance Co. v. Sbrocca*, 180 Ariz. 464, 466, 885 P.2d 152, 154 (App. 1994) ("The nature and extent of a guarantor's liability depends upon the terms of the contract."); *United States v. Gottlieb*, 948 F.2d 1128, 1129-30 (9th Cir. 1991) (when guaranty required written demand for performance, claim for breach did not accrue until after demand was made); *United States v. Brown*, 833 F. Supp. 625, 629 (E.D. Mich. 1993); 38 Am. Jur. 2d *Guaranty* § 96 (2014).  *But see Henry's Drive-In, Inc. v. Pappas*, 287 A.2d 35, 38 (Md. 1972) (limitations begins to run when plaintiff could have made demand for performance).

¶14            The guaranty here provided that Wallace's obligation arose immediately upon the tenant's failure to pay, without any requirement of

notice or demand for performance.[3]   For that reason, the amended instruction correctly stated that Mill Alley's claim for breach of the guaranty accrued as of the date of the tenant's material breach of the lease.

## CONCLUSION

**¶15**        We need not decide whether the submission of laches and estoppel to the jury constituted fundamental error warranting a new trial because Mill Alley cannot show it was prejudiced by the error.  In the absence of prejudice, the superior court lacked discretion to grant a new trial on that ground.  Nor did the limitations instruction warrant a new trial; based on the language of the guaranty, the court correctly instructed the jury that a claim for breach accrued upon a breach of the underlying obligation.  For these reasons, we reverse the grant of a new trial and order the verdict reinstated.

**¶16**        Wallace requests his attorney's fees on appeal, but cites only Rule 21, Arizona Rules of Civil Appellate Procedure, which does not provide a substantive basis to award fees.  *See* ARCAP 21(a)(2); *see Freeman v. Sorchych*, 226 Ariz. 242, 252, ¶ 31, 245 P.3d 927, 937 (App. 2011).  Upon compliance with Rule 21, Wallace is entitled to his statutory taxable costs on appeal.



Ruth A. Willingham · Clerk of the Court
F I L E D : jt

---

[3]        As relevant here, the guaranty provided: "Immediately upon each and every default by TENANT under the Lease, without any notice to or demand upon the undersigned, the undersigned shall pay to [Mill Alley] the sum or sums in default and shall comply with or perform all of the terms, covenants and conditions of the Lease which shall be binding upon TENANT as provided in the Lease."