NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA ex rel. ARIZONA DEPARTMENT OF ECONOMIC
SECURITY (BRITTANY MONIQUE ANDERSON), *Petitioners/Appellees*,

*v.*

OSAGINWEN KINGSLEY AYIYI, *Respondent/Appellant*.

No. 1 CA-CV 14-0689

FILED 8-20-2015

Appeal from the Superior Court in Maricopa County
No. FC2014-052171
The Honorable Julie P. Newell, Judge *Pro Tempore*, Retired

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Carol A. Salvati
*Counsel for Petitioner/Appellee ADES*

Knapp & Roberts, PC, Scottsdale
By David L. Abney
*Counsel for Respondent/Appellant*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Kenton D. Jones joined.

**J O H N S E N**, Judge:

**¶1**        Several weeks after a child was born, the child's mother and Osaginwen Kingsley Ayiyi signed a statement declaring Ayiyi was the child's natural father.  Both signatures were witnessed, and the executed acknowledgment was filed with the Arizona Department of Economic Security.  Nearly nine years later, the State brought an action to establish child support based on the acknowledgment of paternity.  Ayiyi objected, asserting he was not the biological father.  Seeking court-ordered genetic testing, he argued the acknowledgment of paternity was void due to fraud, duress or material mistake of fact.  The superior court held Ayiyi's protest was time-barred and entered a child-support order.

**¶2**        We hold the challenge was untimely under Arizona Revised Statutes ("A.R.S.") section 25-812 (2015).[1]  Although Ayiyi argues his challenge was allowed by A.R.S. § 25-503(F) (2015), that statute does not apply when, as here, an executed and witnessed acknowledgment of paternity is filed with the State or with the superior court.  Under the relevant statutes, upon filing, an executed and witnessed acknowledgment of paternity gains the force and effect of law, and may be undone only pursuant to Arizona Rule of Family Law Procedure 85(C).

## FACTS AND PROCEDURAL BACKGROUND

**¶3**        Brittany Monique Anderson ("Mother") gave birth to a child in 2005.  Several weeks later, she and Ayiyi executed a form titled "Arizona Department of Economic Security (DES) Acknowledgment of Paternity."  As relevant here, the form provided:

---

[1]        Although this statute was amended after the relevant date, the revisions are immaterial to the disposition of this appeal.  Thus, we cite to the current version of the statute.

WE, the natural mother and natural father, declare and acknowledge that the father named below is the only possible father of the child named above. . . . WE, the natural mother and natural father, declare that the information is true and correct. We understand that by signing this acknowledgment that we are giving up our right to a court hearing to determine paternity as well as the right to have genetic testing done to determine the parentage of this child. We further understand we may have a right to challenge this acknowledgment as outlined in A.R.S. § 25-812. A voluntary Acknowledgment of Paternity filed with the DES or DHS has the same force and effect as a Superior Court judgment pursuant to A.R.S. § 25-812. We agree, that if it is deemed appropriate by DES, this acknowledgment of paternity may be used to obtain a paternity order in any Arizona county. We understand that the entry of an order establishing paternity shall impose a duty of support pursuant to A.R.S. § 25-501 et seq. as well as other duties imposed by Arizona Law.

The form further provided that Mother and Ayiyi "hereby consent and request that the birth certificate be amended" to reflect Ayiyi as the child's father. Mother signed the form on August 31, 2005; Ayiyi signed the following day. Both signatures were witnessed by someone apparently associated with the hospital at which the child was born. The parties acknowledge that the form was filed with ADES, although the record does not reveal by whom.

¶4 Asserting paternity had been determined as a matter of law, the State filed a petition in 2014 to establish Ayiyi's obligation to pay child support. At the hearing that followed, Ayiyi asserted he had obtained a DNA test within several months after the child was born that demonstrated he was not the father. He said he lost the test results several years later and asked the court to continue the proceeding to "allow [him] to do a DNA test" and retain a lawyer. The court denied Ayiyi's request and entered an order requiring him to pay child support. The court held paternity was established by the filing of the 2005 acknowledgment and that Ayiyi's challenge, commenced nearly nine years after the acknowledgment, was untimely.

¶5 Ayiyi moved for a new trial and for relief from judgment pursuant to Arizona Rules of Family Law Procedure 83 and 85. The superior court denied both motions and Ayiyi timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(2), (5)(a) (2015).

## DISCUSSION

**¶6**        Ayiyi argues the superior court erred by ruling his paternity challenge was time-barred.  We review issues of statutory interpretation *de novo.  Andrew R. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 453, 456, ¶ 16 (App. 2010).

**¶7**        As relevant here, A.R.S. § 25-812(A)(1) provides, "This state or the parent of a child born out of wedlock may establish the paternity of a child by filing . . . with the clerk of the superior court [or] the department of economic security . . . [a] notarized or witnessed statement . . . signed by both parents acknowledging paternity."  Upon filing, the executed acknowledgment constitutes "a determination of paternity and has the same force and effect as a superior court judgment."  A.R.S. § 25-812(D).

**¶8**        Subpart H of § 25-812 allows a party who has executed an acknowledgment of paternity to rescind the acknowledgement for any reason within 60 days of its execution.  *See* A.R.S. § 25-812(H)(1); *Andrew R.*, 223 Ariz. at 457, ¶ 18.  In addition, subpart E provides:

> Pursuant to rule 85(c) of the Arizona rules of family law procedure, the mother, father or child, or a party to the proceeding on a rule 85(c) motion, may challenge a voluntary acknowledgment of paternity established in this state at any time after the sixty day period only on the basis of fraud, duress or material mistake of fact, with the burden of proof on the challenger . . . .

A.R.S. § 25-812(E).

**¶9**        In *Andrew R.*, this court held a challenge brought under § 25-812(E) on grounds of fraud, duress or mistake must be commenced no later than six months after execution of an acknowledgment of paternity.  223 Ariz. at 457-58, ¶ 19.  We reasoned that by providing in subpart E that such a challenge may be brought "pursuant to Rule 60(c) [now Arizona Rule of Family Law Procedure 85(C)]" the legislature mandated that the challenge must be commenced within the six-month period in which Rule 85(C) allows a party to move for relief from a final judgment or other order.  *Id.* at 459, ¶ 23; *cf.* A.R.S. § 25-812(D) ("voluntary acknowledgment of paternity

made pursuant to this section is a determination of paternity [with] the same force and effect as a superior court judgment").[2]

¶10      In this case, Ayiyi did not attempt to rescind the acknowledgment within 60 days after it was executed and filed in 2005. Although he eventually filed a Rule 85(C) motion for relief from judgment, he did not do so until June 2014, well beyond the six-month limitation period provided in Rule 85(C).  His challenge therefore is time-barred under Rule 85(C)(2) and A.R.S. § 25-812(E).[3]

¶11      Ayiyi alternatively argues A.R.S. § 25-503(F) allowed him to challenge the acknowledgment and seek court-ordered genetic testing to disprove paternity.  As relevant here, § 25-503(F) provides:

> On petition of a person who has been ordered to pay child support pursuant to a presumption of paternity established pursuant to § 25-814, the court may order the petitioner's support to terminate if the court finds based on clear and convincing evidence that paternity was established by fraud, duress or material mistake of fact. . . .  The court shall order the petitioner, each child who is the subject of the petition and the child's mother to submit to genetic testing and shall order

---

[2]      Although in *Andrew R.*, we construed a prior version of A.R.S. § 25-812(E) that referred to Ariz. R. Civ. P. 60(c), the same six-month time limitation is found in Ariz. R. Fam. Law P. 85(C)(2).  *See id.* (motion for relief from judgment on grounds of, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect" or "fraud, misrepresentation, or other misconduct of an adverse party" must be filed "not more than six (6) months after the judgment or order was entered").

[3]      At oral argument, Ayiyi asserted his challenge was permitted by Rule 85(C)(1)(f), which applies to motions for relief from judgment based on "any other reason justifying relief," meaning reasons other than those specified in Rule 85(C)(1)(a)-(e).  He argued that because his motion alleged duress or misconduct by Mother or by his parents, not by an "adverse party," his attack on the judgment did not fall within Rule 85(C)(1)(c). Ayiyi, however, did not raise this argument in the superior court; his motion for relief from judgment was based solely on Rule 85(C)(1)(c).  We therefore will not address this argument.  *See In re MH 2008-002659*, 224 Ariz. 25, 27, ¶ 9 (App. 2010).

the appropriate testing procedures to determine the child's inherited characteristics, including blood and tissue type.

Under the referenced statute, § 25-814, "[a] man is presumed to be the father of the child if . . . [a] notarized or witnessed statement is signed by both parents acknowledging paternity . . . ."  A.R.S. § 25-814(A)(4).

**¶12**         Sections 25-812 and 25-814 both allow parents to acknowledge paternity by signing a witnessed or notarized statement. Under the latter statute, an executed and witnessed/notarized acknowledgment, by itself, creates a rebuttable *presumption of paternity*.  *See* A.R.S. § 25-814(C) ("Any presumption under this section shall be rebutted by clear and convincing evidence."); A.R.S. § 25-503(F) (child-support order entered "pursuant to a presumption of paternity established pursuant to § 25-814" may be terminated on clear and convincing evidence).  By contrast, under A.R.S. § 25-812, once it is filed with the State or the superior court, an executed and witnessed/notarized acknowledgment of paternity is no longer rebuttable but "is a determination of paternity and has the same force and effect as a superior court judgment."  A.R.S. § 25-812(D).

**¶13**         Although § 25-503(F) allows a party subject to a child-support order entered "pursuant to a presumption of paternity established pursuant to § 25-814" to challenge the order by offering clear and convincing proof that he is not the father, that allowance does not apply when, as here, the acknowledgment of paternity has gained the force and effect of a court judgment by virtue of filing pursuant to § 25-812. *See Metzler v. BCI Coca-Cola Bottling Co.*, 235 Ariz. 141, 144, ¶ 13 (2014) ("If the statute's language is clear, it controls unless an absurdity or constitutional violation results.") (quotation omitted).

**¶14**         Finally, Ayiyi argues that, as applied, the referenced paternity statutes violated his constitutional right to due process by creating an irrebuttable presumption of paternity.  He contends the procedural safeguards afforded by § 25-812 are inadequate because "they give [him] no chance to obtain a scientific genetic test that will determine, once and for all, if he really is the father of the child."

**¶15**         Because Ayiyi did not raise this argument in the superior court, we will review it only for fundamental error.  *See, e.g., Mill Alley Partners v. Wallace*, 236 Ariz. 420, 423, ¶ 8 (App. 2014).  To prevail under that standard, Ayiyi "must establish both that fundamental error exists and that the error in his case caused him prejudice." *State v. Henderson*, 210 Ariz. 561, 567, ¶ 20 (2005).

¶16      At the hearing to establish child support, Ayiyi testified the child may have been as young as two months when he had a genetic test performed that he said showed he is not the biological father.  He later asserted he and Mother stopped having sexual intercourse a full year before the child was born.  Such statements belie Ayiyi's current contention that the statutes afforded him no fair opportunity to challenge the acknowledgment of paternity.  Assuming *arguendo* the truthfulness of his assertions, Ayiyi would have known he was not the father when he signed the acknowledgment declaring otherwise, throughout the 60-day rescission period provided in § 25-812(H), and during the entire six-month period for bringing a Rule 85(C) motion for relief from judgment provided in § 25-812(E), yet he failed to bring a timely challenge under any of these provisions.  Accordingly, because Ayiyi had a fair opportunity to challenge the acknowledgment of paternity, his due process argument fails.

## CONCLUSION

¶17      Ayiyi failed to challenge the acknowledgment of paternity within the applicable time constraints of A.R.S. § 25-812; his challenge under A.R.S. § 25-503(F) is misplaced because that provision does not apply to a paternity acknowledgment that has gained the force and effect of a judgment pursuant to A.R.S. § 25-812(D).  Accordingly, we affirm the child-support order.



Ruth A. Willingham · Clerk of the Court
FILED: ama