NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PLATTE RIVER INSURANCE, *Plaintiff/Appellee,*

*v.*

GORDON DENNIS PEKRUL, et al., *Defendants/Appellants.*

No. 1 CA-CV 22-0393
FILED 4-20-2023

Appeal from the Superior Court in Maricopa County
No.  CV2020-010153
The Honorable Timothy J. Thomason, Judge

**AFFIRMED**

COUNSEL

Parker Law Firm, P.L.C., Phoenix
By John D. Parker, II
*Counsel for Plaintiff/Appellee*

Gordon Dennis and Carolyn L. Pekrul, Wittman
*Defendants/Appellants*

## MEMORANDUM DECISION

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Daniel J. Kiley joined.

**C R U Z**, Judge:

¶1            Gordon Dennis and Carolyn L. Pekrul[1] appeal the superior court's grant of summary judgment in favor of Platte River Insurance ("Platte River").  We affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2            Platte River issued several subdivision performance bonds for the Pekruls' construction firms.  In exchange, the Pekruls signed a general indemnity agreement "agree[ing] to . . . pay back or reimburse [Platte River] for all loss."  The agreement defined "Loss" as

> any payment or expense either incurred or anticipated by [Platte River] in connection with any Bond or this agreement, including but not limited to; payment of bond proceeds or any other expense in connection with claims, potential claims, or demands; claim fees; penalties; interest; court costs; collection agency fees; costs related to taking, protecting, administering, realizing upon, or releasing collateral; and attorneys' fees (including but not limited to those incurred in defense of bond claims or pursuing any rights of indemnification or subrogation and in obtaining and enforcing any judgment arising from those rights).

¶3            Between October 2005 and December 2021, Platte River became liable for suretyship losses of over $800,000.  Platte River demanded repayment, and after the Pekruls refused, filed a breach of contract action against them and several of their construction firms.  The court entered a default judgment against the firms for over $800,000, plus interest, and the Pekruls and Platte River moved for summary judgment on the bond claims Platte River paid after January 31, 2015.

---

[1]      To differentiate between the Pekruls, respectfully, we refer to them by their first names.

**¶4** The court granted Platte River's motion against Gordon. Carolyn claimed her signature was forged on the agreement, but after a trial, the court found Carolyn signed the agreement, and so granted Platte River's motion against her. The court entered judgment against the Pekruls for over $300,000, plus interest, for the bond claims Platte River paid after January 31, 2015.

**¶5** The Pekruls appealed,[2] and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶6** We review a grant of summary judgment de novo, determining whether any genuine issue of material fact exists and whether the superior court erred in applying the law. *United Dairymen of Ariz. v. Schugg*, 212 Ariz. 133, 140, ¶ 26 (App. 2006). Summary judgment is appropriate when "the evidence presented by the party opposing the motion contains so little probative value, given the required burden of proof, that reasonable people could not agree with that party's conclusions." *Id.* "We consider the record in the light most favorable to the party against whom summary judgment has been entered." *Id.*

**¶7** The Pekruls argue the superior court erred in granting summary judgment in favor of Platte River because its claims are barred by the statute of limitations in A.R.S. § 12-548(A)(1). "The accrual of the cause of action and the interpretation of a statute of limitations are legal questions, which we review de novo." *Mertola, LLC v. Santos*, 244 Ariz. 488, 490, ¶ 8 (2018).

**¶8** "As a general matter, a cause of action accrues, and the statute of limitations commences, when one party is able to sue another." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588 (1995). A cause of action generally does not accrue until the plaintiff sustains actual, non-speculative harm or damage. *Com. Union Ins. Co. v. Lewis & Roca*, 183 Ariz. 250, 252-53 (App. 1995).

**¶9** "[T]he accrual of a claim for breach of a guaranty is independent of the accrual of a claim for breach of the underlying obligation." *Mill Alley Partners v. Wallace*, 236 Ariz. 420, 423, ¶ 12 (App. 2014). Here, the Pekruls entered into agreements with third parties doing business with their construction firms. Platte River and the Pekruls entered

---

[2] The Pekruls' construction firms are not parties to this appeal.

a separate agreement under which Platte River agreed to execute bonds for the Pekruls' construction firms and the Pekruls agreed "to pay back or reimburse [Platte River] for all loss," including "*any payment or expense . . . in connection with any Bond* or this agreement."  (Emphasis added.)

**¶10**        When third parties made claims against the bonds, Platte River paid.  As of December 2021, Platte River had paid over $320,000 on behalf of the Pekruls and their construction firms.  Platte River demanded reimbursement from the Pekruls under the terms of their indemnity agreement.

**¶11**        Section 12-548(A)(1) provides that "[a]n action for debt shall be commenced and prosecuted within six years after the cause of action accrues, and not afterward, if the indebtedness is evidenced by . . . [a] contract in writing that is executed in this state."  *See Enyart v. Transamerica Ins. Co.*, 195 Ariz. 71, 75-76, ¶ 13 (App. 1998) (quoting *Everett v. O'Leary*, 95 N.W. 901, 902 (Minn. 1903)) ("The general rule is that a cause of action for a breach of a contract accrues immediately upon the happening of the breach . . . .").  Platte River's payment ledger shows the Pekruls' payments were outstanding as of February 10, 2015.  The agreement and the parties' briefing are silent as to the date when the Pekruls were obligated to make their reimbursement to Platte River.  We need not decide whether accrual of Platte River's breach of contract claim against the Pekruls occurred on the date Platte River paid claims or on the date it demanded payment from the Pekruls, because both events occurred after January 31, 2015.  Platte River brought its breach of contract action on August 21, 2020.  In either instance, the lawsuit was filed within the six-year limitations period, and it is therefore not barred by § 12-548(A)(1).

**¶12**        The Pekruls also argue the court erred in granting Platte River's motion for summary judgment because "the language of the [agreement] is being used to lengthen" the limitations period and "is also at odds with the language in the limitations statute, 12-548."  "[P]arties are generally free to contract on whatever terms they choose," *Zambrano v. M & RC II LLC*, 254 Ariz. 53, 56, ¶ 1 (2022), but when "a contract is incompatible with a statute, the statute governs," *Huskie v. Ames Bros. Motor and Supply Co.*, 139 Ariz. 396, 402 (App. 1984).  Here, the Pekruls argue the agreement's terms improperly vary § 12-548(A)(1).  But as addressed above, *see supra* ¶¶ 9-11, Platte River's claim accrued when it sustained harm from the Pekruls' breach.  *See Enyart*, 195 Ariz. at 75-76, ¶ 13.  The Pekruls have not shown that the agreement's terms contradict or improperly lengthen the six-year limitations period in A.R.S. § 12-548(A)(1).  The court's grant of summary judgment was proper.

## CONCLUSION

**¶13**        We affirm.  Platte River requests attorneys' fees and costs on appeal pursuant to A.R.S. §§ 12-341.01, -341, and ARCAP 21(a).  Because this action arises out of a contract, we award Platte River its reasonable attorneys' fees and costs on appeal, upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA