NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STEVEN A. WHITE, *Plaintiff/Appellee,*

*v.*

CURTIS LEE WHITE, *Defendant/Appellant*.

No. 1 CA-CV 25-0367

FILED 12-19-2025

Appeal from the Superior Court in Mohave County
No.  S8015CV202301559
The Honorable Eric Gordon, Judge

**VACATED AND REMANDED**

COUNSEL

The Barlow Law Firm, LLC, Fredonia
By Matthew I. Barlow
*Counsel for Plaintiff/Appellee*

Knochel Law Offices, Bullhead City
By Keith S. Knochel
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Veronika Fabian joined.

---

**M O R S E**, Judge:

¶1          Curtis Lee White appeals a jury verdict awarding Steven A. White damages for breach of contract, quiet title for real property, and attorney fees and costs.  For the following reasons we vacate and remand.

## FACTS AND PROCEDURAL BACKGROUND

¶2          Steven[1] and Curtis are father and son, respectively.   In November 2021, Steven quitclaimed real property to Curtis.  The precise circumstances surrounding the transfer are unclear.   A dispute with neighbors over a shared water well on the property escalated, resulting in a criminal charge against Steven.  Steven claims he reached a deal with the prosecutor to drop the case in exchange for transferring the property to someone else and moving away for a year.  No documents in the record support this claim, but the parties did not dispute that the prosecutor dropped the case soon after Steven transferred the property to Curtis.

¶3          Curtis moved into the property with his wife.  A year later, Steven requested that Curtis quitclaim the property back to him, claiming they had made an oral agreement to do so at the time of the initial transfer.  Curtis refused, and Steven sued for breach of contract, unjust enrichment, and to quiet title.  At trial, the jury awarded Steven title to the property, $10,000 in damages, and approximately $39,000 in attorney fees and costs.  Curtis timely appealed, and we have jurisdiction under A.R.S. §§ 12-2101(A)(1), and -120.21.

## DISCUSSION

¶4          Curtis challenges the superior court's jury instructions and argues the jury reached incorrect conclusions, resulting in legal error.  He claims the superior court improperly instructed the jury to decide: (1) whether Curtis breached the alleged oral contract with Steven; (2) whether that oral contract was subject to the statute of frauds; and (3) whether the

---

[1] Because the parties share a last name, we use their given names for clarity.

part-performance exception to the statute of frauds applied. Curtis claims these instructions allowed the jury to decide purely legal issues that should have been decided by the judge. He also claims that his pre-trial objection to the proposed jury instructions and verdict form preserved the issue for appeal. Alternatively, he argues that the instructions resulted in fundamental reversible error under Ariz. R. Civ. P. 51.

## I.        **Instructional Error.**

**¶5**        As a threshold matter, we need to determine whether Curtis preserved the error for appeal.

**¶6**        Rule 51 offers two avenues for relief. Curtis could appeal erroneous jury instructions, if he properly objected at trial. Ariz. R. Civ. P. 51(d)(1)(A). A proper objection is one in which the party asserts an objection on the record along with the specific grounds for the objection. Ariz. R. Civ. P. 51(c)(1). A timely objection is made before the instructions and arguments are delivered to the jury. Ariz. R. Civ. P. 51(b)(3)(C). But absent proper objection, Curtis could claim fundamental prejudicial error. Ariz. R. Civ. P. 51(d)(2). Fundamental error goes to the foundation of the case and deprives the party of a fair trial. *Mill Alley Partners v. Wallace*, 236 Ariz. 420, 423, ¶ 9 (App. 2014). Curtis must also show that he was prejudiced by the instruction. *Id*.

**¶7**        Generally, failing to properly object before the jury retires bars challenges to the instructions on appeal. *Czarnecki v. Volkswagen of America*, 172 Ariz. 408, 418 (App. 1991). Rule 51 requires parties to object with specificity so the court may not be led into error. *Jaeger v. Petroni*, 133 Ariz. 174, 177 (App. 1982). And we have long held that Rule 51 requires that the objection be made at trial, at the time the instructions are being settled.[2] *Musgrave v. Githens*, 80 Ariz. 188, 192 (1956). Curtis filed a pre-trial objection to Steven's first set of proposed preliminary instructions, challenging the instruction regarding the breach-of-contract claim and asserting the statute of frauds as a defense. At the beginning of trial, the court reviewed the pending pre-trial objections to the preliminary instructions. At the end of trial, the court reviewed the final instructions on the statute of frauds and the part-performance exception. Each time, the

---

[2] Ariz. R. Civ. P. 51(c)(2)(A) cmt. indicates Rule 51 was restyled in 2017, adopting Fed. R. Civ. P. 51's requirement that objections be made before the jury retires and formally incorporating the Arizona common law doctrine of fundamental error. These changes do not affect our discussion of still-valid principles previously established in our case law.

court asked Curtis if he wanted to object to any of the instructions. Curtis declined to do so, failing to renew and preserve his objections for appeal. Accordingly, Curtis is only entitled to relief if he can demonstrate fundamental error.

### A. Breach of Contract.

**¶8**          In his brief, Curtis claims the court should not have asked the jury to decide whether there was an oral contract that he breached because that was not a disputed fact. The trial transcript, however, says otherwise. Curtis never agreed that an oral agreement existed. This was the key disputed fact—unquestionably the domain of the jury to decide. The same is true even if we were to assume, for the sake of argument, that Curtis's original pre-trial objection preserved the issue for review. The court correctly instructed the jury.

### B. Statute of Frauds.

**¶9**          Curtis also claims the court should not have asked the jury to decide whether the oral contract was subject to the statute of frauds because that was a question of law. We agree. The statute of frauds requires contracts for the conveyance of real property to be in writing and signed by the party charged. A.R.S. § 44-101(6). Once the jury found an oral contract existed, that contract was subject to the statute of frauds as a matter of law. But because the jury correctly reached that conclusion, any error did not prejudice Curtis.

### C. Part-Performance Exception.

**¶10**          Curtis next argues the superior court's instruction on the part-performance exception was erroneous because it misstated the law. He asserts the court failed to instruct the jury that the alleged acts of performance must be unequivocally referable to the existence of the alleged oral contract.

**¶11**          We review whether a jury instruction correctly states the law de novo. *Cavallo v. Phoenix Health Plans, Inc.*, 254 Ariz. 99, 104, ¶ 15 (2022). The instruction must be proper under the law, supported by evidence, and related to important issues not addressed by other instructions. *See Czarnecki*, 172 Ariz. at 411. But because Curtis did not object to this instruction at all, we review for fundamental error only.

**¶12**        Part performance is an equitable exception to the statute of frauds that excuses the written-contract requirement if the acts of part performance cannot be explained in the absence of the alleged oral contract—i.e., they are "unequivocally referable" to that contract. *Owens v. M.E. Schepp Ltd. P'ship*, 218 Ariz. 222, 225–26, ¶ 14–16 (2008). This prevents acts that do not conclusively establish the existence of an oral contract from circumventing the statute of fraud's evidentiary safeguards. *Id.* at 227, ¶ 18. The proponent of the alleged oral contract has the burden to show that his acts of part performance can only be explained by the existence of the alleged contract. *Roe v. Austin*, 246 Ariz. 21, 25, ¶ 11 (App. 2018). The act must also be inconsistent with other explanations like ongoing negotiations or an existing relationship between the parties. *Owens*, 218 Ariz. at 227, ¶ 18.

**¶13**        Part performance is a mixed question of law and fact. *Valdez v. Delgado*, 254 Ariz. 495, 499, ¶ 14 (App. 2019). Whether an act is sufficient to constitute part performance is a question of law, normally reviewed de novo. *Id.* Whether a particular act occurred is a factual determination, normally reviewed for clear error. *Id.*

**¶14**        Here, Steven's only alleged act of part performance was quitclaiming of the property to Curtis. Because the quitclaim deed documented the transfer, the parties never disputed that it occurred, and there was no issue of fact for the jury to decide. The court decides questions of law, A.R.S. § 22-323(B), so it should have decided whether that act, as alleged, constituted part performance. Instructing the jury to make the decision was error.

**¶15**        An instruction warrants reversal only when it both harms the complaining party and directly contradicts the rule of law. *State Farm Fire & Cas. Ins. Co. v. Grabowski*, 214 Ariz. 188, 192, ¶ 13 (App. 2007). We must also have substantial doubt the instructions properly guided the jury deliberations. *Id.* This instruction was contrary to law because the court improperly asked the jury to decide a legal question. This error prejudiced Curtis because any partial performance must also be unequivocally referable to the alleged oral contract. *See Owens*, 218 Ariz. at 227, ¶ 18 (explaining that the long-standing unequivocally referable requirement has never been eliminated from the part-performance exception). An unequivocally referable act conclusively shows an oral contract exists and cannot be reasonably explained on other grounds. *Id.* at 227, ¶ 19. Where a reasonable alternative explanation exists, the act is not unequivocally referable to the alleged oral agreement as a matter of law. Steven and Curtis are father and son—a prima facie case of a preexisting relationship that can

explain the transfer. *See id.*, 218 Ariz. at 227, ¶ 18 (citing examples of familial relationships like husband-wife or brother-sister as inconsistent with the unequivocally referable requirement).

**¶16**      And even without the familial relationship, the unequivocally referable requirement sets a very high bar to establish part performance. *Compare Roe,* 246 Ariz. at 26, ¶ 14 (finding Appellants' alleged acts of selling their own property, moving into and working on a ranch, and spending over $150,000 to finish the ranch house were not unequivocally referable to a life estate when they could have been a down payment for purchase or payments on a lease), *and MH Inv. Co. v. Transamerica Title Ins. Co.*, 162 Ariz. 569 (App. 1989) (finding that Transamerica's actions during the closing of 15 sales were not unequivocally referable to an alleged oral agreement, when they were consistent with escrow instructions), *and Mac Enterprises, Inc. v. Del E. Webb Dev. Co.*, 132 Ariz. 331 (App. 1982) (finding that alleged acts of part performance are not unequivocally referable when there is no privity of contract between the parties and the record shows no evidence of an oral agreement), *with Valdez*, 254 Ariz. at 500, ¶ 16 (finding that paying the downpayment and making improvements totaling 50% of the home's purchase price were acts inexplicable in the absence of a contract for sale), *and William Henry Brophy Coll. v. Tovar*, 127 Ariz. 191 (App. 1980) (finding that possession, rent payments, and improvements were unequivocally referable to an oral lease for a short period of time, despite not being otherwise unequivocally referable for the majority of the time frame at issue).

**¶17**      At trial, Curtis claimed the property was a gift from a father to his oldest son, conveyed to avoid the private lawsuit. Steven made numerous statements at trial, including that he transferred the property to Curtis to "bless him" and give him a place to stay for five years while Curtis builds his own property, and because he wanted to avoid the criminal charges. Each of those is a reasonable alternative explanation inconsistent with an alleged oral promise to reconvey the property after one year.

**¶18**      Because the initial transfer of the property from Steven to Curtis was not unequivocally referable to the alleged oral agreement to reconvey the property after one year, the court erred in instructing the jury on the part-performance exception. And allowing the jury to find the part-performance exception without instruction on the unequivocally referable requirement, went to the foundation of the case, deprived Curtis of a fair trial, and prejudiced Curtis. Thus, despite Curtis's failure to object, we find fundamental error under Rule 51.

## II.        Attorney Fees.

¶19        Steven requests attorney fees and costs on appeal under A.R.S. §§ 12-341, -341.01, -341.02, -342, and -1103(B). ARCAP 21(a). Steven is not the prevailing party, and we deny his request. Because Curtis prevails, he is entitled to costs, upon complying with ARCAP 21. *See* A.R.S. § 12-342.

## CONCLUSION

¶20        We vacate and remand for entry of judgment for Curtis.

